February 9, 1910.

**E. C. WALTHEN vs. LOUISVILLE & NASHVILLE R. R. CO.**

M. M. Lehmann for plaintiff and appellee.

Denegre & Blair and Chaffe for defendant and appellant.

ST. PAUL, J.—Plaintiff sues for the value of a mule received by defendant at Lebanon in the State of Kentucky to be transferred over its road to a point in this State, but which was never delivered. The mule, which is shown to have been worth the sum of $207.09, was part of a carload lot which moved under a bill of lading containing, among others, a clause by which, in consideration of a reduced rate of freight, the amount to be claimed in case of loss or damage should not exceed $75.00 per each mule or horse.

The facts in the case are precisely the same as those in **Truxillo vs. Texas & Pacific R. R. Co. et al.**, recently decided by this Court, and the main issue presented is also the same except that in the latter case the validity of the

above mentioned clause was attacked as in violation of the laws of the State, whilst in the case at bar the validity of the above-mentioned clause was attacked as being in violation of the laws of the State of Kentucky, which provide that "no common carrier shall be permitted to contract for relief from its common-law liability." Constitution of Kentucky, Article 196.

The first question presented is one of pleading.

Defendant contends that plaintiff did not set up the invalidity of the contract under the Kentucky law. But plaintiff did set up generally the invalidity of the contract and under our system of pleadings this was sufficient. If defendant desired to know the grounds of invalidity, it should have demanded that information by exception timely filed. **(Orleans Ruddock Cypress Company vs. DeLuppe, — La. —.)** Moreover, when the Kentucky law was offered in evidence defendant raised no other objection thereto than that it conflicted with the law of Congress regulating interstate commerce, an issue which will hereafter be considered.

The next question presented is whether the validity of this contract depended on the place where the contract was to be performed—i. e., where the mule was to be delivered. There are no decisions in this jurisdiction directly in point, but the great weight of authority from elsewhere is that the validity of a contract for the transportation of merchandise from one State to another is to be determined according to the law of the place where the shipment originated. **(6 Cyc. 410; 63 L. R. A. 529; 5 L. R. A. [N. S.] 426; 97 Am. St. Rep. 713** and references.) The Court is of opinion that these authorities should be followed.

Under the law of Kentucky as interpreted by the Supreme Court of that State, this clause of the bill of lading is invalid **(24 Ky. L. R. 1273)**. This Court must, there-

fore refuse to enforce it, unless it finds that the law of Kenutcky conflicts or interferes with the power of Congress to regulate interstate commerce as exercised in the statutes known as the Interstate Commerce Acts.

But the highest courts of the United States have ruled that prohibitions against limitation of their liability by common carriers, are within the powers of the several States and do not conflict or interfere with the provisions of the Interstate Commerce Acts **(191 U. S. 477; 170 Fed. Rep. 850)**. We consider these authorities binding on us.

Plaintiff is entitled to recover full value of his mule, anything in the bill of lading to the contrary notwithstanding.

Judgment affirmed.

February 9, 1910.

Rehearing refused March 7, 1910.